UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE DAVIS,<br><br>    *Plaintiff*,<br><br>v.<br><br>DENTAL EXPERTS, LLC; and KS REAL PROPERTIES, LLC,<br><br>    *Defendants*. | **COMPLAINT** |

Plaintiff Eddie Davis, by and through the undersigned counsel, brings this action against Dental Experts, LLC, an Illinois limited liability company doing business as Dental Dreams, LLC; and KS Real Properties, LLC, an Illinois limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and the Illinois Human Rights Act, 775 ILCS 5/1-101, *et seq.* (the "IHRA") and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this civil rights action against Defendants for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendants have failed to remove architectural barriers at the dental clinic known as "Dental Dreams", even though such removal is readily achievable.

2. The violations alleged in this complaint occurred at the dental clinic known as "Dental Dreams", located at 3057 W Cermak Rd, Chicago, IL 60623.

3. Defendants' failure to provide equal access to "Dental Dreams" violates the mandates of the ADA and IHRA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendants' conduct constitutes an ongoing and continuous violation of the law. Defendants have failed to take any prompt and equitable steps to remedy the discriminatory barriers at their facilities.

5. Accordingly, Plaintiff seeks a declaration that Defendants' facilities violate federal law and an injunction requiring Defendants to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendants continue to comply with the requirements of the ADA and IHRA.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331. This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189, and for damages, civil penalties, and injunctive relief pursuant to the IHRA. This Court may exercise supplemental jurisdiction over Plaintiff's nonfederal law causes of action, violations of the IHRA, because the claims asserted in this action arise from a common nucleus of operative fact. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7. Venue in this judicial district is proper because Defendants are located and transact business within this judicial district and have sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff Eddie Davis is a resident of the city of Chicago, Illinois. Plaintiff Davis suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2), and the IHRA, 775 ILCS 5/1-103(I).

9. Plaintiff Eddie Davis suffers from chronic arthritis in both legs and shoulders. He is substantially limited in performing several major life activities, including but not limited to

walking and standing. He is required to use wheelchair for mobility. As a person with a disability, he has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendant KS Real Properties, LLC, an Illinois limited liability company, is the owner of the real property and improvements which are the subject of this action, the dental clinic "Dental Dreams", a place of public accommodation within the meaning of the ADA, located at the street address of 3057 W Cermak Rd, Chicago, IL 60623.

11. Defendant Dental Experts, LLC, an Illinois limited liability company doing business as Dental Dreams, LLC, is the operator of the real property and improvements which are the subject of this action, the dental clinic "Dental Dreams", a place of public accommodation within the meaning of the ADA, located at the street address of 3057 W Cermak Rd, Chicago, IL 60623.

## FACTUAL BACKGROUND

12. On or around July 14, 2015, Plaintiff Davis attempted to visit "Dental Dreams", which is located approximately 2.5 miles from his apartment.

13. Upon arrival, Plaintiff Davis could not find an accessible parking space in the "Dental Dreams" customer parking lot. Despite having approximately ten parking spaces, the customer parking lot had no accessible parking spaces. A photograph in Exhibit A to this Complaint shows the parking lot of "Dental Dreams".

14. The main public entrance facing Cermak Road was situated approximately four inches above the height of the sidewalk. The doorway and sidewalk levels were connected by a concrete step approximately three feet deep that extended the length of the building. A photograph in Exhibit B to this Complaint shows the Cermak Road public entrance of "Dental Dreams". No ramps provided an alternate way to bridge the change in level.

15. No signage at the Cermak Road public entrance indicated the presence of or directed customers to an accessible entrance.

16. A second entrance to "Dental Dreams", facing Albany Avenue, was accessible through the "Dental Dreams" parking lot, where a ramp connected the lower parking lot level to the higher sidewalk level. No signage at this entrance indicated that this was an accessible entrance.

17. In light of the architectural barriers at "Dental Dreams", Plaintiff Davis is deterred from visiting "Dental Dreams" in the future. Plaintiff Davis would like to be able to patronize "Dental Dreams", but these architectural barriers deter him from doing so. He plans to return and patronize "Dental Dreams" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

18. Plaintiff Davis attempted to access Defendants' premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendants' premises. As a result of Defendants' non-compliance with the ADA, Plaintiff Davis cannot independently access the facilities and/or is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

**FACT ALLEGATIONS**

19. Defendants have discriminated against Plaintiff Davis on the basis of his disabilities by failing to comply with the requirements of the ADA, the Americans With Disabilities Act Accessibility Guidelines (the "ADAAG") and the ILCS with regard to "Dental Dreams". A specific, though not exclusive, list of unlawful physical barriers and violations present at "Dental Dreams" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. "Dental Dreams" has approximately ten parking spaces in its parking lot but does not have an accessible parking space, in violation of ADAAG 208.2.
   b. The Cermak Road entrance of "Dental Dreams" was inaccessible but did not provide directional signage to an accessible entrance, in violation of ADAAG 216.6.

    c. Not all entrances to "Dental Dreams" were accessible, but the accessible entrances were not identified through signage, in violation of ADAAG 216.6.

20. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA and ILCS encountered by Plaintiff or which exist at "Dental Dreams".

21. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "Dental Dreams" in order to photograph and measure all such barriers to access and violations of the ADA, the ADAAG and the ILCS.

22. Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendants due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, installing ramps. 28 C.F.R. § 36.304(b).

23. As a person with a disability, Plaintiff Davis has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

24. Without injunctive relief, Defendants' failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "Dental Dreams" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

### FIRST CAUSE OF ACTION
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.***

25. Plaintiff incorporates and realleges the above paragraphs.

26. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

27. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

28. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Davis has been denied full and equal access to "Dental Dreams" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

29. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the ADA and ADAAG are ongoing.

30. Defendants have failed to remove architectural barriers to full and equal access encountered by Plaintiff Davis, even though removing the barriers is readily achievable.

31. Plaintiff Davis plans to visit the tenant businesses of "Dental Dreams" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Dental Dreams" unless and until Defendants are required to remove the physical barriers to access and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

32. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Dental Dreams" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and

ADAAG, and/or to close "Dental Dreams" until such time as Defendants cure the access barriers.

33. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

## SECOND CAUSE OF ACTION
### Violations of the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*

34. Plaintiff incorporates and realleges the above paragraphs.

35. 775 ILCS 5/5-102 provides:

> It is a civil rights violation for any person on the basis of unlawful discrimination to: Deny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation.

36. Defendants have discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of the IHRA, as described above. Plaintiff Davis has been denied full and equal access to "Dental Dreams" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

37. Defendants have failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendants' violations of the IHRA are ongoing.

38. Defendants have failed to remove architectural barriers to full and equal access by Plaintiff Davis, even though removing the barriers is readily achievable.

39. Plaintiff Davis plans to visit "Dental Dreams" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "Dental Dreams" unless and until Defendants are required to remove the physical barriers to access

and ADA violations that exist at Defendants' place of public accommodation, including those set forth specifically herein.

40. This Court has authority under the IHRA to grant Plaintiff injunctive relief, including an order requiring Defendants to make "Dental Dreams" readily accessible to and independently usable by individuals with disabilities to the extent required by the IHRA, and/or to close "Dental Dreams" until such time as Defendants cure the access barriers.

41. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendants, pursuant to 775 ILCS 5/10-102.

**WHEREFORE**, Plaintiff respectfully requests:

a. That the Court issue a Declaratory Judgment that determines that Defendants' facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG, and the IHRA.

b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2), 28 C.F.R. § 36.504(a) and 775 ILCS 5/10-102 enjoining Defendants from continuing their discriminatory practices, including an order directing Defendants to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA and the IHRA; and also including an order requiring Defendants to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c. That the Court award Plaintiff actual and punitive damages to be paid by Defendants pursuant to 775 ILCS 5/10-102(C)(1).

    d. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205, 28 C.F.R. § 36.505 and 775 ILCS 5/10-102(C)(2), or otherwise provided by law; and

    e. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA or the IHRA.

DATED: <u>August 11, 2015</u>

<div style="margin-left:40%">
<u>/s/ John Steele</u>  
John L. Steele (# 6292158)  
ACCESSIBILITY LAW GROUP  
500 Michigan Avenue, Suite 600  
Chicago, Illinois 60611  
E-mail: jsteele@accessibilitylawgroup.com  
Phone: (312) 396-4154
</div>